UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.M.-J.,<br><br>Plaintiff,<br><br>v.<br><br>VALLEJO CITY UNIFIED SCHOOL DISTRICT and FAIRFIELD SUISUN UNIFIED SCHOOL DISTRICT,<br><br>Defendants. | No. 2:23-cv-02141-TLN-SCR<br><br>**ORDER** |

This matter is before the Court on Defendant Vallejo City Unified School District's ("Defendant") Motion for Attorneys' Fees.[1] (ECF No. 25.) Plaintiff T.M.-J. ("Plaintiff") filed an opposition. (ECF No. 26.) Defendant filed a reply. (ECF No. 28.) For the reasons set forth below, the Court DENIES Defendant's Motion for Attorneys' Fees.

///

///

///

///

[1] Fairfield Suisun Unified School District is also a defendant in this action, but only Vallejo City Unified School District filed the instant motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Plaintiff's time as a student at Defendant's schools from 2013 to 2018 — when he was in first to sixth grades — after which Plaintiff continued his education in another school district. (ECF No. 1 at 5, 9, 22, 24, 40.) Plaintiff alleges that during his time at Defendant's schools, he had "significant academic difficulties, especially in all areas of reading," and that Defendant attributed these deficits to Plaintiff's attentional issues and attention deficit hyperactivity disorder. (*Id.* at 9.) In 2020, after leaving Defendant's schools, Plaintiff was identified as a student with a specific learning disability. (*Id.* at 27.) Plaintiff began independent study in the 2021-22 school year. (*Id.* at 31.) Through Plaintiff's continued independent study the following school year, his mother began to suspect that Plaintiff's reading deficits were not due to attentional issues and requested Plaintiff be assessed for dyslexia. (*Id.* at 33.)

Plaintiff claimed Defendant unlawfully and discriminatorily denied him a free appropriate public education ("FAPE") as guaranteed by the Individuals with Disabilities Education Act ("IDEA") and § 504 of the Rehabilitation Act. (*Id.* at 36–43.) Specifically, Plaintiff alleged Defendant failed to provide him structured literacy services to address his disability. (*Id.* at 4.) Through the present action, Plaintiff appealed the administrative order of a state administrative law judge ("ALJ") on his IDEA due process complaint. (*Id.* at 6.) In particular, Plaintiff challenged the ALJ's finding that because Plaintiff filed the due process complaint on April 28, 2023, his claims prior to April 28, 2021, were time barred by the IDEA's two-year statute of limitations. (*Id.*)

On September 30, 2025, this Court granted Defendant's motion to dismiss with leave to amend as to the IDEA claim, finding the ALJ correctly concluded Plaintiff's claims were barred by the statute of limitations but leaving open the possibility Plaintiff could amend to plead an exception to the statute of limitations. (ECF No. 20 at 10, 18–19.) This Court dismissed the action on November 1, 2024, after Plaintiff did not timely file an amended complaint. (ECF No. 21.) Plaintiff appealed the Court's Order on the motion to dismiss (ECF No. 22), and the Ninth Circuit affirmed the ruling. *T.M.J. v. Vallejo City Unified Sch. Dist.*, No. 24-6925, 2026 WL 1122036, at *2 (9th Cir. Apr. 24, 2026). On November 29, 2024, Defendant filed the instant

motion for attorneys' fees and costs. (ECF No. 25.)

## II. STANDARD OF LAW

Under the American rule, "each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The IDEA's fee-shifting provision allows a court, in its discretion, to award a prevailing party reasonable attorneys' fees. 20 U.S.C. § 1415(i)(3)(B). A prevailing local educational agency may recover attorneys' fees if a parent filed a complaint that is "frivolous, unreasonable, or without foundation" or if the case was "presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." *Id.* § 1415(i)(3)(B)(i)(II)–(III). The Ninth Circuit has interpreted the IDEA's fee-shifting provision in light of precedent regarding the "nearly identical" fee-shifting provision that applies in federal civil rights cases. *R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1124–25 (9th Cir. 2011) (applying *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412 (1978), to the IDEA's fee-shifting provision).

A case is frivolous "when the result is obvious or the . . . arguments of error are wholly without merit." *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1245 (9th Cir. 2015) (quoting *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (applying *Christiansburg* in the context of an IDEA defendant's fees request)). A court need not find the plaintiff acted in bad faith to award attorneys' fees. *Christiansburg*, 434 U.S. at 421. "In considering what constitutes a claim that is frivolous, unreasonable or groundless, 'it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" *C.W.*, 784 F.3d at 1245 (quoting *Christiansburg*, 434 U.S. at 421–22). The Ninth Circuit has cautioned "[l]awyers would be improperly discouraged from taking on potentially meritorious IDEA cases if they risked being saddled with a [multiple]-figure judgment for bringing a suit where they have a plausible, though ultimately unsuccessful, argument." *R.P.*, 631 F.3d at 1126; *see also Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990) (holding in the federal civil rights context that attorneys' fees "should only be awarded to a

defendant in exceptional circumstances"). "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christiansburg*, 434 U.S. at 422.

## III. ANALYSIS

Defendant seeks $15,592.00 in attorneys' fees, arguing it is the prevailing party and the present action was "frivolous, unreasonable, and groundless at its inception." (ECF No. 25-1 at 2.) Specifically, according to Defendant, Plaintiff's own allegations demonstrated Plaintiff knew or had reason to know of his actionable claim before April 28, 2021. (*Id.* at 2, 6.) In opposition, Plaintiff argues his Complaint had foundation because it alleged in good faith the ALJ's order was inconsistent with the discovery rule and with the statute of limitation's "knew or should have known" language. (ECF No. 26 at 4.) Plaintiff also contends the Complaint made a good-faith argument that an exception to the statute of limitations applied. (*Id.* at 5.) In reply, Defendant argues Plaintiff's proffered cases are distinguishable and the facts in this action undermine Plaintiff's discovery rule argument.[2] (ECF No. 28 at 2–6.) The Court addresses in turn the parties' contentions concerning Defendant as prevailing party and the merit of Plaintiff's claims.

### A. Prevailing Party

Defendant argues without opposition that it is the prevailing party in this action. (ECF No. 25-1 at 5; *see* ECF No. 26 at 3 (conceding Defendant "prevailed in the District Court").) Accordingly, this Court finds Defendant is the prevailing party here.

### B. Merit of Plaintiff's Claims

Defendant asserts Plaintiff's claims against it were groundless from the outset because they were "quite clearly" barred by the statute of limitations. (ECF No. 25-1 at 7.) In opposition, Plaintiff argues his request for this Court's review of the ALJ's order was not frivolous because the ALJ did not explicitly apply Ninth Circuit precedent. (ECF No. 26 at 4 (citing *Avila v.*

---

[2] Defendant argues in reply that its requested attorneys' fees "*must* be awarded." (ECF No. 28 at 2 (emphasis added).) However, the provision under which Defendant seeks fees provides "the court, in its discretion, *may* award reasonable attorneys' fees." 20 U.S.C. § 1415(i)(3)(B)(i) (emphasis added). The Court exercises its discretion in the subsequent analysis to deny Defendant attorneys' fees.

*Spokane Sch. Dist. 81*, 852 F.3d 936 (9th Cir. 2017)).) Plaintiff also maintains his view that he should not have been reasonably expected to know of his claim as early as the ALJ found and argues families should not "be blamed for not being experts about learning disabilities." (*Id.* (quoting *Draper v. Atlanta Indep. Sch. Sys.*, 518 F.3d 1275, 1288 (11th Cir. 2008)).) In reply, Defendant contends Plaintiff knew this case was "meritless" and not a "close call." (ECF No. 28 at 5.) Defendant also points to this Court's dismissal, in which it found that although the ALJ did not cite *Avila*, the ALJ correctly applied *Avila*'s legal standard. (*Id.*)

For the reasons set forth below, the Court agrees with Plaintiff that his Complaint was not frivolous, unreasonable, or unfounded.

*i. Legal Precedent*

Taking care to avoid engaging in post hoc reasoning based on Plaintiff's defeat here, *C.W.*, 784 F.3d at 1245, the Court finds Plaintiff's IDEA claim was not groundless because application of the discovery rule is a fact-intensive inquiry and the ALJ did not make clear on the face of the order that the ALJ applied the appropriate standard. In *Avila*, the Ninth Circuit held the IDEA limitations period did not necessarily commence when a parent signed forms agreeing with the results of behavioral and autism evaluations of her child. 852 F.3d at 938, 944. Instead, the Ninth Circuit noted "courts have held that the 'knew or had reason to know date' stems from when parents know or have reason to know of an alleged denial of a [FAPE] under the IDEA, not necessarily when the parents became aware that the district acted or failed to act." *Id.* The court remanded to the district court "to make findings and address the statute of limitations under the" statutory standard. *Id.* at 945. Here, the ALJ did not cite the controlling law in *Avila*, nor did the ALJ address the circumstances in *Avila* wherein a parent may know of underlying facts but may not have reason to know the basis of their claims. (ECF No. 1-5; *see also* ECF No. 1 at 38 (alleging ALJ did not address *Avila* or the discovery rule).) Therefore, regardless of this Court's ultimate agreement with the ALJ's analysis, Plaintiff's claim that the ALJ applied the incorrect standard was not "wholly without merit." *C.W.*, 784 F.3d at 1245.

Additionally, in *Draper*, which the *Avila* court quoted with approval, the Court explained that a parent's discovery of a FAPE claim should not require a parent to possess expert

knowledge. 852 F.3d at 945. Applying the "knew or should have known" standard, the Eleventh Circuit declined "to conclude, as a matter of law, that Draper's family should be blamed for not being experts about learning disabilities" because they did not have reason to believe the plaintiff there had dyslexia earlier. *Draper*, 518 F.3d at 1288. *Draper* therefore supports that a parent's discovery of their claims may arise at some later time after a specific diagnosis. *Id.* Drawing from *Draper*, it is conceivable, had the Court agreed with Plaintiff, that Plaintiff's IDEA claim would have been deemed timely. This "plausible, though ultimately unsuccessful, argument" raises Plaintiff's claim above the level of groundless. *R.P.*, 631 F.3d at 1126.

As Plaintiff notes, Defendant's argument invites the Court to engage in precisely the kind of post hoc analysis that *C.W.*, 784 F.3d at 1245, prohibits. (ECF No. 25-1 at 6–7 (restating this Court's findings in Defendant's fees argument), 9 (concluding the Court should grant Defendant's fee request because its "victory was clear and unequivocal"); ECF No. 26 at 5 (arguing Defendant's "primary evidence of unreasonableness seems to be that [Plaintiff] did not prevail in this Court"); ECF No. 28 at 3, 5–6 (pointing to this Court's findings to support Defendant's requested attorneys' fees).) The Court declines Defendant's invitation and finds Defendant fails to show Plaintiff's gloss on the statute of limitations was dead on arrival in this Court.[3]

*ii. Court's Grant of Leave to Amend*

The Court further finds its grant of leave to amend as to the exceptions to the statute of

---

[3] Defendant's proffered caselaw is distinguishable because, unlike here, each losing party filed or continued litigating its action after there could be no reasonable debate on the dispositive issue. *Stokes v. City of Visalia*, No. 1:17-cv-01350-SAB, 2018 WL 4030732, at *6 (E.D. Cal. Aug. 21, 2018) (finding "the dispositive res judicata issues were clear at the outset of the federal litigation" after plaintiff lost on the same claims in state court); *Edgerly v. City & Cnty. San Francisco*, 599 F.3d 946, 962 (9th Cir. 2010) (affirming fees awarded against plaintiff because he did not dismiss defendant after a deposition indicated there was no basis for that defendant's liability); *Hogan v. Robinson*, No. 1:03-cv-06408-LJO-GSA, 2007 WL 4557097, at *4 (E.D. Cal. Dec. 21, 2007) (awarding attorneys' fees against plaintiff who presented "legally and factually baseless" claims); *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 480 (9th Cir. 1985) (affirming fees award against plaintiff who made claim "patently barred by Supreme Court discussion of the" dispositive issue); *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1061–62, 1064 (9th Cir. 2006) (affirming award of attorneys' fees against plaintiff who brought constitutional claims based on an airport's plane size limits preventing plaintiff from landing his private jet there).

limitations supports this action's at least minimal basis. Defendant points out the Court's "serious doubts" about Plaintiff's ability to plead additional facts establishing an exception and contends Plaintiff's failure to file an amended complaint serves as an admission of the case's lack of grounding. (ECF No. 25-1 at 6.) In opposition, Plaintiff argues his "disagreement with the Court's decision is one of legal interpretation," so amending to allege other facts would have had "no purpose." (ECF No. 26 at 5.) The Court finds Plaintiff's decision not to file an amended complaint supports the grounded and indeed judicious decisions of his counsel. Accepting the Court applied the statute of limitations differently than he hoped, Plaintiff promptly ceased advocating for his view before this Court. Accordingly, Plaintiff's decision not to file an amended complaint does not render his original Complaint groundless so as to warrant an award of attorneys' fees to Defendant. *Cf.* 20 U.S.C. § 1415(i)(3)(B)(i)(II) (allowing award of attorneys' fees, *inter alia*, "against the attorney of a parent who *continued* to litigate after the litigation clearly became frivolous, unreasonable, or without foundation" (emphasis added)).

*iii. Ninth Circuit Appeal*

Plaintiff's subsequent appeal to the Ninth Circuit also indicates Plaintiff's case was not wholly without foundation.[4] Plaintiff ultimately did not fare better at the Ninth Circuit than before this Court. *T.M.J.*, 2026 WL 1122036, at *2 (affirming this Court's Order granting Defendant's motion to dismiss). However, the Ninth Circuit affirmed the most generous accrual date. *Id.* at *1. Although this Court found Plaintiff knew or should have known of the facts forming the basis of his due process complaint "anywhere from *five to nine years* before Plaintiff" filed the complaint in 2023 (ECF No. 20 at 12), it alternatively found the date of Plaintiff's specific disability diagnosis in 2020 was the latest Plaintiff should have known (*id.* at 15). The Ninth Circuit agreed, determining Plaintiff and his parents "at the very latest" knew or should

---

[4] During the pendency of the present motion, the parties filed appellate briefs and the Ninth Circuit issued its opinion affirming this Court's dismissal. *T.M.J. v. Vallejo City Unified Sch. Dist.*, No. 24-6925 (9th Cir.) (Docket Nos. 20, 25, 35, 42); *T.M.J.*, 2026 WL 1122036, at *2. The Court takes judicial notice of the arguments in the parties' appellate briefs and the amicus brief as facts not subject to reasonable dispute. Fed. R. Evid. 201(b)(2), (c)(1); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of court filings).

have known of the facts forming the basis of his complaint in 2020, three years before he filed his complaint and one year prior to the statute of limitations. *T.M.J.*, 2026 WL 1122036, at *1. The large ranges of time in which this Court and the Ninth Circuit determined Plaintiff's claim accrued demonstrate that the fact-specific application of the "knew or should have known" standard does not inevitably produce a single date on which the statute of limitations begins to run. It was not unreasonable for Plaintiff, with the benefit of additional information, to argue that his claim accrued at a later date within the limitations period.

The appellate briefing also supports that Plaintiff's claims were not entirely groundless. Specifically, as Plaintiff notes in opposition (ECF No. 26 at 6), members of Stanford Law School's Youth and Education Law Project joined as Plaintiff's counsel in the appeal. Appellant's Opening Brief, *T.M.J. v. Vallejo City Unified Sch. Dist.*, No. 24-6925 (9th Cir. Feb. 24, 2025) (Docket No. 20.1 at 1). Additionally, the Council of Parent Attorneys and Advocates, Inc. ("COPAA") filed an amicus curiae brief in support of Plaintiff and argued in favor of Plaintiff's proposed application of the "knew or should have known" standard. Brief of Amicus Curiae COPAA in Support of Plaintiff-Appellant T.M.J., *T.M.J. v. Vallejo City Unified Sch. Dist.*, No. 24-6925 (9th Cir. Mar. 3, 2025) (Docket No. 25.2 at 26–33). The appeal therefore indicates Plaintiff presented a non-frivolous argument with which others agreed.

## IV. CONCLUSION

The Court finds Plaintiff had a reasonable, albeit unsuccessful, basis for his claim, and this case is not the "exceptional circumstance" that warrants an award of attorneys' fees to Defendant.[5] *Barry*, 902 F.2d at 773. For the foregoing reasons, the Court DENIES Defendant's Motion for Attorneys' Fees. (ECF No. 25.)

IT IS SO ORDERED.

DATE: September 29, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] Having found an award of attorneys' fees unwarranted, the Court need not address the reasonableness of the requested amount.